Benítez Sugar Company, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la anotación de un contrato de refacción agrícola.

No. 331.—Resuelto en noviembre 27, 1917.

Refacción Agrícola y Molienda de Cañas—Inscripción Previa—Título del Terrateniente—Arrendamiento.—Si bien de acuerdo con la sección 14 de la Ley No. 37, de marzo 10, 1910, sobre refacción agrícola y molienda de cañas, no se requiere la previa inscripción de la finca en el registro de la propiedad es necesario, entre otras cosas, que el terrateniente justifique de alguna manera su título a la tenencia de la finca. Así, en el presente caso, no es inscribible la escritura pública aclarando y ratificando el contrato privado sobre refacción y molienda en la que el terrateniente hace constar que lo es en concepto de arrendatario, también por contrato privado por no haberse justificado que exista en realidad este contrato.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Francisco González.*

El registrador recurrido, Sr. Francisco G. Descartes, compareció por escrito en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En 30 de diciembre de 1916 el Sr. Oliver Shaw y la Benítez Sugar Company celebraron un contrato sobre siembra y molienda de cañas y refacción, el cual hicieron constar en documento privado de la misma fecha, insertando en dicho documento un contrato de arrendamiento también privado, celebrado entre Práxedes Brignoni, dueño del terreno en que se iban a sembrar las cañas, y el Sr. Shaw, que contrataba con la Benítez Sugar Company.

Con fecha 12 de junio de 1917, don José J. Benítez Díaz, como Presidente de la Benítez Sugar Company, y el Sr. Shaw, y su esposa doña Inés Brignoni, por su propio derecho, comparecieron ante el Notario de Humacao, Francisco González Fagundo, y aclararon y ratificaron el contrato de fecha 30 de diciembre de 1916, otorgando la escritura No. 159, a la cual se unió el documento privado antes referido.

Al presentarse estos documentos en el Registro de la Propiedad de Humacao, fué denegada la inscripción por las siguientes razones, a saber:

"Denegada la anotación del contrato contenido en este documento, por resultar que no se ha justificado fehacientemente el derecho de propiedad de la finca a favor de don Práxedes Brignoni, ni el de arrendamiento de Don Oliver Shaw,  *  *  * "

El recurrente sostiene que, de acuerdo con la sección 14 de la Ley No. 37 de marzo 10 de 1910, no se requiere la previa inscripción de la finca que ha de gravarse. La mencionada sección reza como sigue:

"Sección 14.—Contra un título anotado, con arreglo a esta Ley, no podrá prevalecer ningún título o documento no anotado o inscrito anteriormente en el registro de la propiedad o en el de contratos agrícolas.

"A las anotaciones y notas marginales en el registro de contratos agrícolas serán aplicables los preceptos de la Ley Hipotecaria, en cuanto no se opongan a los de la presente; pero en ningún caso se exigirá, para estas anotaciones, la previa inscripción de la finca en el registro de la propiedad."

Ya hemos visto en el caso de la *Fajardo Sugar Company*

v. *El Registrador de Humacao,* que cuando el dueño ofrece el contrato para su anotación que tal anotación debe hacerse siguiendo estrictamente la letra de la ley.

La pretensión del recurrente podría prevalecer si el dueño de la finca fuera la parte realmente interesada, y quizá no estaría justificado el registrador al denegar la anotación si una persona demostrara debidamente que fuese el arrendatario de alguien que diere a entender ser el dueño, especialmente si el arrendatario alegase además que el dueño carecía de título inscrito.

Ninguna de estas cuestiones se levantan realmente en este caso, puesto que tal documento no se llegó a presentar. Todo lo que llegó a manos del registrador fué un documento privado, subsiguientemente ratificado por una escritura, en la que el propio Oliver Shaw hace constar que es arrendatario de Práxedes Brignoni, y él, Oliver Shaw, transcribió en dicho documento privado el arrendamiento que le hizo Práxedes Brignoni. Este último no compareció ante el Notario a ratificar el contrato de arrendamiento.

Bajo estas circunstancias, estimamos de aplicación al presente caso la doctrina sentada en el de la *Porto Rico Leaf Tobacco Company* v. *El Registrador de Guayama,* 24 D. P. R. 891, 894, en el que sostuvimos:

"Ciertamente que para las anotaciones de contratos agrícolas en el registro destinado al efecto, no es necesaria la previa inscripción de la finca en el registro de la propiedad, como así lo dispone la sección 14 de la Ley No. 37 de 10 de marzo de 1910, cuya sección no fué enmendada por la Ley posterior No. 59 de 9 de marzo de 1911, y con ello se propuso el legislador favorecer el desarrollo del crédito territorial y facilitar la contratación sobre frutos a los terratenientes que carecieran de título inscribible. Pero no cabe sostener que inscrita una finca en el registro de la propiedad a nombre de persona determinada pueda otra celebrar sobre ella contrato de préstamo con la garantía de sus productos con carácter de arrendatario o usufructuario, sin justificar ese carácter y la extensión del mismo. Puede suceder muy bien que el contrato garantizando la refacción con frutos de una finca que posea un terrateniente como arrendatario o usufructuario, se opongan la extensión y el alcance de las facultades con-

cedidas: al terrateniente en cualquiera de los conceptos indicados. De ahí la necesidad de que el registrador conozca cuáles son esas facultades mediante el examen del documento demostrativo del arrendamiento o del usufructo, cuando tal documento existe, como en el presente caso, sin que basté una mera referencia al mismo. En todo caso bastará la conformidad manifiesta del dueño de la finca con la garantía que ofrezca el arrendatario o usufructuario.

"La anterior doctrina se desprende de la misma ley No. 37 al ordenar en su sección 3ª. que cualquier terrateniente a título de dueño, poseedor, arrendatario o usufructuario de fincas rústicas podrá verificar con terceras personas el contrato de refacción **agrícola** definido en la sección 1ª. de dicha ley; pero si el terrateniente lo fuese a título de arrendatario u otra forma temporal de usufructo, el contrato de refacción no podrá extenderse más allá del término y condiciones fijados al derecho del arrendatario o usufructuario sobre la tierra. ¿Cómo puede saber el registrador que el terrateniente a título de arrendamiento o usufructo no se ha extendido más allá del término y condiciones fijados a su derecho?"

El recurrente trata de distinguir el precitado caso del que nos ocupa diciendo que la finca objeto de aquél estaba inscrita a nombre de otra persona, y que en la opinión parece también que se dice que el objeto de la presentación del arrendamiento era ver si el contrato de refacción excedía de los términos del arrendamiento.

Pero si se examina la citada sección 14, se verá que las disposiciones de la Ley Hipotecaria, en todo cuanto no estén en conflicto con las de la citada Ley de Refacción Agrícola, serán de aplicación respecto a las anotaciones y notas marginales que se hicieren en el registro de la propiedad.

Aunque expresamente la Ley No. 37 excluye la necesidad de la previa inscripción, necesariamente, por tanto, incluye muchas otras cosas, y una de ellas es la de que cuando una persona pretende ser terrateniente de determinado predio está obligado a justificar de alguna manera su título a la tenencia del predio. Esta disposición ha sido dictada en beneficio de los dueños, que de otro modo pudieran ver impugnados sus propios contratos de refacción por otra persona que alegase ser el terrateniente,—en otras palabras,

aun cuando estamos obligados a seguir la ley, y especialmente su sección 14, por la que no se exige la previa inscripción, sin embargo en otros respectos nos sentimos obligados a seguir el espíritu de la Ley Hipotecaria para proteger a los terceros.

Respecto a la sugestión que se nos ha hecho de que la decisión arriba citada sólo requiere la necesidad de examinar el contrato de arrendamiento para ver si excede de los términos en él fijados, creemos que es evidente que antes de examinarse cualquier contrato de arrendamiento debe demostrar la persona que presenta tal contrato de arrendamiento su condición de terrateniente. En otras palabras, de que existe en realidad tal contrato de arrendamiento.

La sección 3ª. de la ley dispone que cuando el terrateniente sea un arrendatario el contrato de refacción no se extenderá más allá del término fijado en el mismo, y por supuesto el registrador está obligado a examinar y ver si existe tal exceso, y creemos que la decisión del caso de la Porto Rican Leaf Tobacco Company, *supra,* hace indispensable la presentación del contrato de arrendamiento.

Creemos en este caso que el registrador debió haber expresado su nota denegatoria de una manera un poco más amplia. No hemos considerado la cuestión de falta de título en favor de Práxedes Brignoni, porque esa cuestión no se le planteó al registrador por no habérsele presentado el contrato de arrendamiento.

Respecto a la nota del registrador denegando la anotación por falta de título en favor de Práxedes Brignoni, dicha nota debe ser revocada, pero respecto a la falta de prueba del derecho a la tenencia de la finca por el Sr. Oliver Shaw dicha nota debe ser confirmada.

> *Confirmada la nota recurrida, pero revocándola en cuanto a la no justificación del derecho de propiedad de Práxedes Brignoni.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.